# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Patterson, | No. CV-13-01779-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Pima County Sheriff's Department, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation (Doc. 22) issued by United States Magistrate Judge Eric J. Markovich that recommends granting Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docs. 8 and 9). As explained by Magistrate Judge Markovich, Plaintiff has failed to state a claim upon which relief could be granted. As Plaintiff's objections[1] do not undermine the analysis and proper conclusion reached by Magistrate Judge Markovich, and in fact simply repeat what Plaintiff submitted in opposition to Defendants' Motions to Dismiss, Plaintiff's objections are rejected and the Report and Recommendation is adopted.

After the dismissal of Defendants Pima County Sheriff's Office, Sheriff Clarence Dupnik, City of Tucson, and Tucson City Attorney Michael Rankin, only Defendants

---

[1] The Court notes that Plaintiff only objected as to the dismissal of his suit against Tucson City Attorney Michael Rankin. (*See* Doc. 23.) Accordingly, Plaintiff waived his right to de novo review of Magistrate Judge Markovich's Report and Recommendation as to the dismissal of Defendant Pima County Sheriff's Office, Defendant Sheriff Clarence Dupnik, and Defendant City of Tucson. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Regardless, this Court has reviewed Judge Markovich's Report and Recommendation in full and finds that it properly concludes that each of the Defendants' Motions to Dismiss should be granted in their entirety.

1 Deputies Jane/John Doe 1 and 2 remain. Rule 10(a) of the Federal Rules of Civil
2 Procedure requires plaintiff to include the names of all parties in the action. As a
3 practical matter, it is impossible in most instances to serve a summons and complaint
4 upon an anonymous defendant.

5 The Ninth Circuit has held that where the identity of a defendant is unknown prior
6 to the filing of a complaint, the plaintiff should be given an opportunity through
7 discovery to identify the unknown defendants, unless it is clear that discovery would not
8 uncover the identities, or that the complaint would be dismissed on other grounds.
9 *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*,
10 629 F.2d 637, 642 (9th Cir. 1980)). Here, discovery will not be a viable option to learn
11 the identities of Deputies Jane/John Does 1 and 2 because all named Defendants in this
12 case are to be dismissed. However, as Magistrate Judge Markovich noted in his Report
13 and Recommendation (Doc. 22), it is apparent that the identities of Deputies Jane/John
14 Does 1 and 2 are accessible through either a public records request or by obtaining a copy
15 of the affidavit of service filed in Plaintiff's order-of-protection case. Accordingly,

16 **IT IS HEREBY ORDERED** as follows:

17 (1) The Report and Recommendation (Doc. 22) is **accepted and adopted**;

18 (2) Defendants Pima County Sheriff's Office and Sheriff Clarence Dupnik's
19 Motion to Dismiss (Doc. 8) is **granted**. Defendant Pima County Sheriff's Office is
20 dismissed with prejudice. Defendant Sheriff Clarence Dupnik is dismissed without
21 prejudice.

22 (3) Defendants City of Tucson and Tucson City Attorney Michael Rankin's
23 Motion to Dismiss (Doc. 9) is **granted**. Defendant Tucson City Attorney Michael
24 Rankin is dismissed with prejudice. Defendant City of Tucson is dismissed without
25 prejudice.

26 . . . .
27 . . . .
28 . . . .

(4) Plaintiff shall have **60** days to identify Deputies John/Jane Does 1 and 2, and to amend his complaint accordingly. The Clerk is directed to automatically dismiss this action without prejudice if Plaintiff does not comply with this instruction.

Dated this 5th day of November, 2014.

Honorable Rosemary Márquez
United States District Judge