WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Patterson,<br><br>                Plaintiff,<br><br>v.<br><br>Deputy Necoechea,<br><br>                Defendant. | No. CV-13-01779-TUC-RM (EJM)<br><br>**REPORT AND RECOMMENDATION** |

      In this § 1983 action, Plaintiff Daniel Patterson alleges Defendant Necoechea violated his civil rights when he served Patterson with two protective orders while he was serving as an active member of the Arizona legislature. Patterson claims he was immune from civil process under Arizona's legislative immunity statute, Ariz. Const. art. IV, pt. 2, § 6.

      Before the Court is Defendant Rudy Necoechea's Motion to Dismiss (Doc. 30). Defendant Necoechea argues dismissal under Fed.R.Civ.P 12(b)(6) is warranted because his actions are protected by qualified immunity.

      Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned for a Report and Recommendation. (Doc. 15).

      The motion has been fully briefed by the parties. For the reasons stated below, the Magistrate Judge recommends that the motion be granted. First, Count One under 28 U.S.C. § 1983 should be dismissed because it fails to allege violation of a specific

constitutional right. Second, Count Two under the Fifth Amendment should be dismissed because Defendant is alleged to be a state and not a federal actor. Finally, Count Two under the Fourteenth Amendment should also be dismissed because the Defendant is protected by qualified immunity.

## I.    Factual and Procedural Background

Plaintiff Daniel Patterson filed this action on November 14, 2013, alleging claims under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. (Doc. 1). Patterson is a former member of the Arizona Legislature.

On February 28, 2014 Defendants Clarence Dupnik and Pima County Sheriff's Department filed a Motion to Dismiss. (Doc. 8). On March 19, 2014 Defendants Michael Ranking and City of Tucson also filed a Motion to Dismiss. (Doc. 9). On November 6, 2014, District Judge Rosemary Marquez entered an order adopting a Report and Recommendation by the undersigned and granting both motions. Plaintiff then filed an amended complaint against Defendant Necoechea on January 12, 2015 ("FAC"). (Doc. 27).

Patterson's claims concern an alleged domestic violence incident that took place on February 24, 2012. (Doc. 27 at 2, ¶ 8). Patterson states that after he called Tucson Police Department officers to his home, no arrests were made, and the officers informed the media that no charges would be filed. *Id*. at 3 ¶¶ 9–10. However, Patterson was later served with two orders of protection. *Id*. at ¶ 18. Patterson claims that because he was a member of the legislature at the time these events transpired, he was granted immunity from civil process while the legislature was in session. *Id*. at ¶¶ 11–16.  Thus, Patterson alleges Defendant Necoechea violated his civil rights by serving Patterson with the protective orders while he was serving as an active member of the Arizona Legislature.

On March 17, 2015, Defendant Necoechea filed his Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) based on qualified immunity. (Doc. 30).

## II.   Legal Standard

Pursuant to Fed.R.Civ.P. 12(b)(6), the Court may grant a motion to dismiss when

the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed.R.Civ.P. 8(a). While Rule 8 does not demand factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

To survive a motion to dismiss under Rule 12(b)(6), a pleading must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be plausible, allowing the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

The Court must view the complaint in the light most favorable to the nonmoving party, with every doubt resolved on his behalf, and with that party's allegations taken as true. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). Generally, the court only considers the face of the complaint when deciding a motion under Rule 12(b)(6). *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

**III.    Discussion**

Defendant Necoechea requests the Court dismiss Plaintiff's FAC pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 30). Defendant Necoechea argues Plaintiff's complaint fails to state a claim for relief because a) "Count One fails because Patterson did not allege a specific constitutional violation," b) "the Fifth Amendment claim in Count Two fails

because the Fifth Amendment applies only to federal actors," and c) Patterson's Fourteenth Amendment dup process claim is barred by qualified immunity. *Id.* at 3.

### A. Count One: 42 U.S.C. § 1983

In Count One, Plaintiff claims damages under 42 U.S.C. § 1983 against Defendant Necoechea for violating his civil rights under color of state law. (Doc. 27 at 4). Plaintiff also restates and incorporates by reference all allegations in his complaint. *Id.* Defendant argues Count One fails because Plaintiff fails to allege violation of a specific federal right. (Doc. 30 at 3). Plaintiff counters that he "is using 42 U.S.C. § 1983 as a vessel for alleging a constitutional violation of failure to receive due process." (Doc. 33 at 4).

Section 1983 provides a civil remedy for parties deprived of constitutional rights by officials acting under color of state law. 42 U.S.C. § 1983. Thus, in order to state a valid § 1983 claim, "a plaintiff must show that he or she has been deprived of a right secured by the Constitution and … laws of the United States and that the deprivation was under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (internal quotations and citations omitted). "Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Id.* (internal quotations and citations omitted).

To the extent that Plaintiff seeks relief under § 1983 based on an alleged violation of the Arizona Constitution—the right of members of the legislature to be exempt from civil process while the legislature is in session—this claim fails. Section 1983 only applies to rights secured by the United States Constitution; thus, Plaintiff cannot seek relief for violation of an Arizona Constitution provision. To the extent that Plaintiff seeks relief for a violation of due process pursuant to the Fifth or Fourteenth Amendments, Count One would thereby be duplicative of Count Two. Further, the bare and conclusory allegations in Count One fail to comply with the Rule 8 pleading standard set forth by the Supreme Court in *Iqbal* and *Twombly*. *See Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions").

In sum, Count One should be dismissed because it fails to allege violation of a specific constitutional right. Count One should also be dismissed as duplicative of Count Two to the extent that Count One states a due process claim pursuant to the Fifth or Fourteenth Amendments. Accordingly, the undersigned recommends the dismissal of Count One.

B. Count Two: Fifth and Fourteenth Amendments

In Count Two, Plaintiff claims damages under the Fifth and Fourteenth Amendments of the United States Constitution for failure to receive due process. (Doc. 27 at 5). Plaintiff also restates and incorporates by reference all allegations in his complaint. *Id.* Defendant argues Plaintiff's claim under the Fifth Amendment fails because Plaintiff does not allege Defendant is a federal actor. (Doc. 30 at 3). Defendant also argues Plaintiff's claim under the Fourteenth Amendment fails because Defendant is entitled to qualified immunity. *Id.* at 4. Plaintiff's response focuses only on the issue of Defendant's immunity for the Fourteenth Amendment claim,[1] arguing that Defendant is not protected by qualified immunity because Plaintiff made it clear to Defendant that Defendant's actions were in violation of the Arizona Constitution but that Defendant served Plaintiff with civil process anyway. (Doc. 33 at 5).

i. Fifth Amendment

The Fifth Amendment to the United States Constitution states as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

---

[1] Plaintiff's conclusion specifically states that "Defendant cannot claim qualified immunity and Count Two under the Fourteenth Amendment should not be dismissed," suggesting Plaintiff concedes to dismissal of his claims in Count Two based on the Fifth Amendment. (Doc. 33 at 5).

U.S. Const. amend V. Plaintiff's claim under the Fifth Amendment "is plainly foreclosed by the Constitution" because Defendant Necoechea "is a local law enforcement official, and the Fifth Amendment's due process clause only applies to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (*citing Betts v. Brady*, 316 U.S. 455, 462 (1942)). Thus, because Defendant is alleged to be a state and not a federal actor, Plaintiff's Fifth Amendment claim must fail. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss Count Two be granted.

ii. Fourteenth Amendment

The Fourteenth Amendment to the United States Constitution provides that:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV. "The Fourteenth Amendment's Due Process Clause protects individuals from state action that either 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'" *Martinez v. City of Oxnard*, 337 F.3d 1091, 1092 (9th Cir. 2003) (internal citations omitted).

Here, Plaintiff contends his due process rights under the Fourteenth Amendment were violated when Defendant served him with the protection orders while Plaintiff was an active member of the Arizona legislature. Defendant contends that he is protected by qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "Under qualified immunity, an officer is protected from suit when he makes a reasonable mistake of law or fact." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir.

2012). "Only when an officer's conduct violates a clearly established constitutional right—when the officer should have known he was violating the Constitution—does he forfeit qualified immunity."

> Determining whether a defendant is entitled to qualified immunity involves a two-pronged analysis. First, we ask, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? Second, we must ask whether the right was clearly established. A right is clearly established if it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Id*. (internal quotations and citations omitted). In *Pearson*, the Supreme Court held that judges may exercise their discretion in determining which prong of the two-step qualified immunity analysis to address first. 555 U.S. at 236. For example, "[t]here are cases in which it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right." *Id*. at 237. Thus, "[c]ourts should think carefully before expending 'scarce judicial resources' to resolve difficult and novel questions of constitutional or statutory interpretation that will 'have no effect on the outcome of the case.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080 (2011) (*quoting Pearson*, 555 U.S. at 236–37).

Here, the issue is whether an Arizona legislator has a right protected by the federal constitution to be free from personally receiving an order of protection while the legislature is in session. The Court need not determine whether Plaintiff has such a right. The Court may proceed directly to the second prong of the analysis to determine whether, if such a right exists, the right was clearly established at the time of the events in question. *See James v. Rowlands*, 606 F.3d 646, 652 (9th Cir. 2010).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft*, 131 S. Ct. at 2083 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The Court "do[es] not require a case directly on point, but existing precedent

must have placed the statutory or constitutional question beyond debate." *Id.* Thus, "qualified immunity is lost when plaintiffs point either to 'cases of controlling authority in their jurisdiction at the time of the incident' or to 'a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful.'" *Id*. at 2086 (Kennedy, J., concurring) (*quoting Wilson v. Layne*, 526 U.S. 603, 617 (1999)). "These standards ensure the officer has 'fair and clear warning' of what the Constitution requires." *Id*. at 2086–87 (Kennedy, J., concurring) (*quoting United States v. Lanier*, 520 U.S. 259, 271 (1997)). Further, the clearly established right must be specifically defined. *See Ashcroft*, 131 S. Ct. at 2084 (courts should not "define clearly established law at a high level of generality"). Finally, "[t]he plaintiff bears the burden of showing that the right at issue was clearly established." *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

Here, Plaintiff alleges that Article IV, Part 2, Section 6 of the Arizona Constitution prohibited Defendant from serving Plaintiff with the protection orders while Plaintiff was an active member of the Arizona legislature. In his response to the Motion to Dismiss, Plaintiff contends that he informed Defendant that he was a member of the Arizona legislature and that the legislature was in session and thus he could not be served with civil process pursuant to the Arizona Constitution. (Doc. 33 at 2).  However, this bare allegation is insufficient to show that the Arizona Constitution creates a federally-protected right, and that '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft*, 131 S. Ct. at 2083 (*quoting Anderson*, 483 U.S. at 640). Plaintiff has not produced either "cases of controlling authority . . . at the time of the incident," or "a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson*, 526 U.S. at 617. Plaintiff's Response contains no case law from the Ninth Circuit, or any other jurisdiction, showing that "a reasonable official would understand that what he is doing violates [due process rights]." *Anderson*, 483 U.S. at 640. Plaintiff simply alleges that because he "made it very clear to

- 8 -

1   Defendant that Defendant's actions were in violation of the Arizona Constitution" but
2   Defendant "served Plaintiff with civil process anyways," "Defendant cannot claim
3   qualified immunity." (Doc. 33 at 5). This is insufficient for Plaintiff to meet his burden to
4   show violation of a clearly established right. *See Mason v. Arizona*, 260 F. Supp. 2d 807,
5   823 (D. Ariz. 2003); *Sorrels*, 290 F.3d at 969. Accordingly, the undersigned recommends
6   that Defendant's Motion to Dismiss Count Two be granted.

**IV.   Recommendation**

The Magistrate Judge RECOMMENDS that the District Court GRANT Necoechea's Motion to Dismiss. (Doc. 30).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id*. If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 10th day of December, 2015.

Eric J. Markovich
United States Magistrate Judge